```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SOCORRO GOMEZ, FERNANDO                      :
ARELLANO, and MARTHA                         :
GUADALUPE LOPEZ TRINIDAD,                    :
                              Plaintiffs,    :         MEMORANDUM OPINION
                                             :         AND ORDER
v.                                           :
                                             :         21 CV 6932 (VB)
DORMONT MANUFACTURING COMPANY                :
and 148-150 WESTCHESTER AVENUE, LLC,         :
                              Defendants.    :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiffs Socorro Gomez, Fernando Arellano, and Martha Guadalupe Lopez Trinidad bring this action against defendants Dormont Manufacturing Company ("Dormont") and 148-150 Westchester Avenue, LLC ("148-150 Westchester"), alleging various state law tort claims.

Now pending is plaintiffs' motion to remand this case to Supreme Court, Westchester County, where it was originally commenced, as well as for an award of costs and expenses, including attorney's fees, incurred as a result of the removal.  (Doc. #3).  148-150 Westchester joins in the motion to remand and for costs and expenses.

For the following reasons, (i) the motion is GRANTED, (ii) the case is REMANDED to Supreme Court, Westchester County, and (iii) Dormont is ORDERED to pay the costs and expenses, including attorney's fees, incurred as a result of the removal, as specified below.

## BACKGROUND

"On a motion to remand for lack of subject matter jurisdiction, courts assume the truth of non-jurisdictional facts alleged in the complaint, but may consider materials outside of the complaint, such as documents attached to a notice of removal or a motion to remand that convey

1

information essential to the court's jurisdictional analysis." Romero v. DHL Express (U.S.A), Inc., 2016 WL 6584484, at *1 (S.D.N.Y. Nov. 7, 2016).[1]

On or about August 26, 2020, plaintiffs commenced this action in Supreme Court, Westchester County.  Plaintiffs allege they were injured on October 20, 2019, when a "stainless steel gas connector . . . designed, manufactured, marketed and/or otherwise placed into the stream of commerce by Dormont . . . failed due to a defect and thereby caused gas to be released and ignited" inside a rental property owned by 148-150 Westchester, causing plaintiffs injury. (Doc. #4-1 ("Compl.") ¶¶ 6–15).  Plaintiffs brought claims for negligence, breach of warranty, and strict products liability against Dormont, as well as a negligence claim against 148-150 Westchester for failing to maintain the property in a reasonably safe condition.

It is undisputed that both plaintiff Gomez and 148-150 Westchester are New York citizens.  Notwithstanding this lack of complete diversity, Dormont removed the case from state court to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a), 1446.  (See S.D.N.Y. Case No. 20cv7395).  By Order dated September 15, 2020, the Honorable Philip M. Halpern, to whom the case had been assigned, remanded the case to state court on the basis that Dormont failed to satisfy its burden of establishing that the amount in controversy exceeded $75,000, thus making removal improper.  (See id., Doc. #3).  Judge Halpern did not reach Dormont's argument that plaintiff named 148-150 Westchester for the sole purpose of destroying diversity jurisdiction. (Id. at 2, n.1).

On August 17, 2021, Dormant again removed the case to this Court, contending plaintiffs fraudulently joined non-diverse defendant 148-150 Westchester to the state action solely to

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

destroy diversity and that plaintiffs did not intend to recover from 148-150 Westchester. (Doc. #1 ("Notice of Removal")). Dormont did not file a Civil Cover Sheet upon removing the action to this Court. Nor did Dormont comply with the Clerk of Court's August 18, 2021, instruction—which was posted on the Court's Electronic Case Filing ("ECF") docket in bolded, blue typeface and of which Dormont's counsel received notification via the ECF system—to file a Civil Cover Sheet.

In addition, Dormont's counsel failed to comply with Rule 4(b) of the S.D.N.Y. Rules for the Division of Business Among District Judges, which provides:

> An action, case, or proceeding may not be dismissed and thereafter refiled for the purpose of obtaining a different judge. If an action, case, or proceeding, or one essentially the same, is dismissed and refiled in this court, or removed or transferred to this court, it shall be assigned to the same judge. **It is the duty of every attorney appearing to bring the facts of the refiling to the attention of the clerk.**

(emphasis added). Counsel for Dormont did not bring to the attention of the clerk that this case had been previously removed, assigned to Judge Halpern, and remanded to state court by Judge Halpern. Thus, instead of being assigned to Judge Halpern, the case was randomly assigned to the undersigned.

## DISCUSSION

Plaintiffs argue that because both Gomez and 148-150 Westchester are New York citizens, the Court lacks subject matter jurisdiction over this case, and the case must be remanded to state court. Plaintiffs further argue they should be awarded costs and expenses, including attorney's fees, incurred as a result of the removal.

148-150 Westchester agrees with plaintiffs on both points, as does the Court.

I.    Motion to Remand

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), such as an action "where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different states." Id. § 1332(a). Absent complete diversity of citizenship, the case must be remanded to the court in which it was filed. Id. § 1447(c).

"[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." Lupo v. Hum. Affs. Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) (quoting Somlyo v. J. Lu–Rob Enters., Inc., 932 F.2d 1043, 1045–46 (2d Cir. 1991)). "[T]he party asserting jurisdiction bears the burden of proof that jurisdictional and procedural requirements have been met." Burr ex rel. Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 436 (S.D.N.Y. 2006).

In reviewing a fraudulent joinder claim in opposition to a motion to remand, a court should not review the merits of a plaintiff's claims against a defendant, including whether such claims would survive a motion to dismiss. See Sherman v. A.J. Pegno Constr. Corp., 528 F. Supp. 2d 320, 328–29 (S.D.N.Y. 2007). Furthermore,

> to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent join[d]er, and all factual and legal issues must be resolved in favor of the plaintiff.

Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998).

Here, plaintiffs bring a negligence cause of action against 148-150 Westchester. Plaintiffs sufficiently support this cause of action with allegations that 148-150 Westchester was

4

the owner of the property where the explosion occurred and that it allowed the property to remain in an "unsafe, defective and dangerous condition." (Compl. ¶ 41–44).

Dormont's argument that plaintiffs bring only "an unviable product-based liability claim" against 148-150 Westchester (Doc. #8 ("Dormont Br.") at 2), is unavailing because the complaint pleads a negligence cause of action based on premises liability, not products liability, against 148-150 Westchester. This is a claim on which plaintiffs might succeed. See, e.g., Curry v. Davis, 241 A.D.2d 924, 925 (4th Dep't 1997) ("The court properly denied that part of RABC's [the city rental assistance corporation] motion seeking dismissal of the negligence cause of action insofar as that cause of action alleges that RACB negligently inspected the apartment."). Indeed, the claims for product-based negligence, breach of warranty, and strict products liability are brought only against Dormont. Thus, Dormont fails to offer "clear and convincing evidence[] either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that . . . plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia v. RJR Nabisco, Inc., 138 F.3d at 461.[2]

Accordingly, because complete diversity between the parties does not exist, and Dormont has not carried its burden to show that 148-150 Westchester was fraudulently joined in the state court action, the motion to remand must be granted.

---

[2] Even applying the "no reasonable possibility" standard some district courts have adopted in the wake of Pampillonia v. RJR Nabisco, Inc., the Court's conclusion would not change. See Resnik v. Rite Aid of New York, Inc., 2021 WL 2941119, at *4 (S.D.N.Y. July 12, 2021) (collecting cases applying "no reasonable possibility" as opposed to "no possibility" standard").

II.     Costs and Expenses

Plaintiffs and 148-150 Westchester argue Dormont should pay their costs and expenses incurred as a result of the removal.

The Court agrees.

A district court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c); see Morgan Guaranty Trust Co. of New York v. Republic of Palau, 971 F.2d 917, 924 (2d Cir. 1992) ("The statute as a whole . . . affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees."). The statute does not require the party seeking costs and expenses to demonstrate the removing party acted in bad faith. Sherman v. A.J. Pegno Constr. Corp., 528 F. Supp. 2d at 331 (citing Morgan Guaranty Trust Co. of New York v. Republic of Palau, 971 F.2d. at 923–24). Rather, "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Here, Dormont lacked an objectively reasonable basis for seeking removal. The complaint outlined four causes of action: claims for negligence, breach of warranty, and strict products liability against Dormont, and a separate claim for negligence against 148-150 Westchester. It is not the case, as Dormont argues, that plaintiffs brought only "an unviable product-based liability claim" against 148-150 Westchester (Dormont Br. at 2), because 148-150 Westchester may very well be liable to plaintiffs on a premises liability theory of negligence. Further, plaintiffs' counsel declares under penalty of perjury that he had "many discussions" with

6

Dormont's counsel "pertaining to liability theories and together strategized methods of obtaining judgment" against 148-150 Westchester, including a conversation on June 28, 2021—before Dormont removed this case for the second time. (Doc. #4-5 ¶¶ 4–6). Accordingly, it was not objectively reasonable for Dormont to remove the case on the basis that "plaintiffs have named a non-diverse co-defendant solely to avoid this court's diversity jurisdiction, while having no intention of actually recovering from said non-diverse defendant." (Notice of Removal at 1).

Moreover, although the Court need not make a finding that Dormont acted in bad faith, the record suggests Dormont did not remove this action in good faith.

First, as described above, Dormont did not file a Civil Cover Sheet upon removing this action a second time. Even assuming this was merely an oversight, Dormont still did not file a Civil Cover Sheet after receiving direction from the Clerk of Court to do so. Importantly, the Civil Cover Sheet requires a party to indicate if "this action, case, or proceeding, or one essentially the same [has] been previously filed in SDNY at any time," including by providing the name of the judge previously assigned, as well as the case number. Providing such information allows the Clerk and the Court to ensure efficient use of judicial resources by, if appropriate, assigning a later-filed case to a judge who has familiarity with a prior related case, as well as to guard against judge shopping. See Rule 4(b) of the Rules for the Division of Business Among District Judges. And as Rule 4(b) provides, "It is the duty of every attorney appearing to bring the facts of the refiling to the attention of the clerk." Dormont's counsel failed to bring to the attention of the clerk or the Court the facts that this case had previously been removed, assigned to Judge Halpern, and remanded to state court by Judge Halpern.[3]

---

[3] Although Dormont made reference to a "First Notice of Removal" in the notice of removal filed in the instant case (Notice of Removal ¶ 8), it did not reference the other case's docket number or file a copy of the remand order from the first case.

Second, counsel for 148-150 Westchester declares under penalty of perjury that counsel for Dormont sought removal to federal court "because he is concerned about the discovery process in New York State Supreme Court and is not familiar with the process," and because he expects to gain certain discovery only permitted under the Federal Rules for Civil Procedure, but not by state discovery rules.  (Doc. #6 ¶¶ 7, 8).[4]

The above circumstances suggest Dormont removed this action to seek a more favorable venue for discovery, and then took no steps to notify the Clerk or the Court that the case was previously assigned to Judge Halpern in the hope a different judge might not remand the case again.  Such forum and judge shopping are improper and undermine the "just, speedy, and inexpensive determination" of this matter.  Fed. R. Civ. P. 1; Martin v. Franklin Cap. Corp., 546 U.S. at 140 (in determining whether to award fees pursuant to Section 1447(c), courts should consider that "the process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources").

Accordingly, Dormont is ordered to pay $2,500 to plaintiffs, and $1,000 to 148-150 Westchester.  The Court finds that these amounts are fair and reasonable estimates of the costs and expenses, including attorney's fees, actually incurred by, respectively, plaintiffs and 148-150 Westchester, as a result of the removal.  See 28 U.S.C. § 1447(c).

---

[4] Plaintiffs also argue in their reply, "after ignoring the State Court's discovery order for months, Dormont requested that the State Court cancel the discovery compliance conference on the grounds that it removed the matter to Federal Court. . . .  [B]y filing the notice of removal, Dormont not only successfully put the discovery process to a standstill but is justifying its willful disregard of the State Court's discovery order."  (Doc. #11 at unnumbered p. 4).

**CONCLUSION**

The motion to remand is GRANTED, and the case is REMANDED to Supreme Court, Westchester County.

By no later than February 22, 2022, defendant Dormont Manufacturing Company is ORDERED to pay $2,500 to plaintiffs and $1,000 to defendant 148-150 Westchester Avenue, LLC.

The Clerk is instructed to terminate the motion (Doc. #3), remand this case to Supreme Court, Westchester County, and close the case.

Dated: February 7, 2022
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge